**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 10, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DOUGLAS A. SPITZNAS,

  Petitioner-Appellant,

v.

RANDALL WORKMAN,

  Respondent-Appellee.

No. 09-6100

(D.C. No. 5:98-CV-00133-HE)
(W. D. Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY***

Before **KELLY, BRISCOE,** and **HOLMES**, Circuit Judges.

  Douglas Spitznas, an Oklahoma state prisoner appearing pro se, seeks a

certificate of appealability (COA) in order to challenge the district court's denial

of his petition for writ of habeas corpus seeking relief under 28 U.S.C. § 2254.

For the reasons outlined below, we deny Spitznas's request for a COA.

I

*The state court proceedings*

  In November 1987, Spitznas was charged in Oklahoma state district court

with "one count of kidnaping for extortion, three counts of first-degree rape of a

---

  * This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel.

fifteen-year-old girl, four counts of forcible anal sodomy, two counts of forcible oral sodomy, two counts of rape by instrumentation, and one count of child beating, all involving the same victim and all after former conviction of a felony." Spitznas v. Moore, 464 F.3d 1213, 1219 (10th Cir. 2006).  During the course of the proceedings, questions arose regarding Spitznas's competency, prompting the state district court to order that "Spitznas undergo a competency evaluation."  Id. Upon completion of that evaluation, the state district court held a post-examination competency hearing, at which it concluded, based upon the evaluating psychiatrist's opinions, that Spitznas was incompetent but capable of attaining competency.  Id.

Spitznas was committed to a state hospital for four months following the post-examination competency hearing.  At the end of this commitment period, hospital officials notified the state district court that, in their view, Spitznas was competent.  After what the state district court described as a "full investigation of the matter," Spitznas was found to be competent.  Id. at 1220.  The state district court issued an order reflecting its findings, and defense counsel "approved the contents of the order with his signature at the bottom of the order."  Id.

In November 1988, Spitznas pled guilty to all but one of the original charges, and was sentenced "to serve seven life sentences and five sentences of two hundred years' imprisonment for his crimes, with all sentences to run consecutively."  Id.  Shortly thereafter, in December 1988, Spitznas moved to

2

withdraw his guilty plea.  That motion was denied by the state district court.

Spitznas appealed the state district court's ruling to the Oklahoma Court of

Criminal Appeals (OCCA).  In February 1997, "the OCCA issued an unpublished

summary opinion affirming the [state] district court's denial of his motion to

withdraw his guilty plea . . . ."  Id. at 1221.

In April 1997, Spitznas filed an application for post-conviction relief in

state district court asserting, in pertinent part, that it had "deprived him of

procedural due process by failing to hold a [second] post-examination competency

hearing . . . ."  Id.  The state district court rejected that assertion on the grounds

that it "could have and should have been raised as part of Mr. Spitznas's direct

appeal . . . ."  Id.  "The OCCA [subsequently] affirmed, citing essentially the

same reasons as the [state district] court."  Id.

*The federal habeas proceedings*

In January 1998, Spitznas filed an application for federal habeas relief

pursuant to 28 U.S.C. § 2254, reasserting each of the issues he had raised on

direct appeal and in his state post-conviction proceedings.  The magistrate judge

assigned to the case issued a report recommending that Spitznas's habeas petition

be denied.  Spitznas filed written objections to the report and recommendation

arguing, in pertinent part, "that, contrary to the magistrate judge's finding, there

had been no 'second post-examination competency hearing.'"  Id.  "As part of

[t]his argument, he contended that the magistrate judge had erred in failing to

3

consider his contention that even if there had been a 'hearing,' such a hearing had been conducted under the unconstitutional 'clear and convincing evidence' standard applied by the Oklahoma courts prior to the Supreme Court's . . . decision" in Cooper v. Oklahoma, 517 U.S. 348 (1996). Id. "[T]he district court adopted the magistrate judge's recommendation, summarily rejected Mr. Spitznas's objections, and denied his habeas petition." Id. at 1222. Spitznas appealed.

In February 2000, this court remanded the matter to the district court with directions to conduct an evidentiary hearing on two issues, one of which was whether Spitznas actually received a second determination of competency before entering his guilty plea. After conducting the evidentiary hearing, the district court transmitted the record of the hearing to this court. In June 2003, this court remanded the matter to the district court for a second time with directions "to make further factual findings," "based on the evidence presented at the evidentiary hearing," concerning "[w]hether after previously having been declared incompetent but capable of achieving competency, [Spitznas] was afforded a second determination of competency prior to entering his guilty plea or whether [Spitznas] waived a second competency hearing . . . ." Id. at 1223.

On remand, the district court referred the matter back to the magistrate judge for further proceedings. The magistrate judge ultimately issued a second supplemental report and recommendation finding, based upon his review of the

4

state court record, that (a) Spitznas "was given a second competency hearing at which [he], his defense attorney, and the prosecutor appeared in open court," (b) "the defense and prosecution stipulated only to the contents of the evaluation report in which [Spitznas] was determined to be competent to stand trial and to the testimony that the individual preparing the report would give in the second competency hearing," and (c) Spitznas "was determined to be competent to stand trial only after a specific inquiry into [his] competency was undertaken by the trial judge who conducted the second competency hearing." Id.

In his written objections to the magistrate judge's second supplemental report and recommendation, Spitznas argued that "the magistrate judge had failed to address whether the state judge's determination of competency was based upon a flawed, pre-Cooper standard of proof . . . ." Id. "In an order dated January 26, 2004, the district court adopted the magistrate judge's report and recommendation in its entirety," id., but "did not specifically mention Spitznas's argument concerning the magistrate judge's failure to address the issue he had raised concerning the burden of proof at the competency hearing." Id. at 1223-24.

Spitznas appealed the district court's decision. On April 14, 2004, this court entered an order summarily affirming the denial of habeas corpus relief.

*The Rule 60 proceedings*

"On July 6, 2005, Spitznas filed in federal district court a Rule 60(b)(4) and (6) motion seeking relief from the district court's January 26, 2004, judgment . . .

5

." Id. at 1224.  In his motion, Spitznas argued, in pertinent part, "that the district court had improperly failed to address his claim that his second post-examination competency hearing had been conducted using an improper standard of proof." Id.  The district court summarily denied Spitznas's motion on the grounds that it "had been filed well beyond a year" after the district court's January 26, 2004, judgment.  Id.  Spitznas appealed.

On September 29, 2006, this court issued an opinion reversing the district court's order denying Rule 60(b)(4) and (6) relief and remanding for further proceedings.  In doing so, this court first determined that Spitznas's "contention that the district court failed to consider one of his habeas claims represent[ed] a 'true' 60(b) claim" because "[i]t assert[ed] a defect in the integrity of the federal habeas proceedings," and that defect concerned not "the district court's resolution of the merits of the competency standard claim (since it never reached those merits), but [rather] its failure to make any ruling on a claim that was properly presented in . . . Spitznas's habeas petition." Id. at 1225.  In turn, this court concluded "that the district court erred in determining that the motion was time-barred merely because it was a Rule 60(b) motion brought more than a year after judgment." Id.  This court directed the district court on remand to resolve the following three issues:

> (1) Whether Spitznas was "entitled to relief under Fed. R. Civ. P. 60(b)(4) as to his assertion that the district court failed to consider his unconstitutional burden of proof claim?"

6

(2) "If Mr. Spitznas [wa]s not entitled to relief under Rule 60(b)(4)," whether he was "entitled to relief under Rule 60(b)(6)? In answering this question, the district court [was directed to] consider both whether the Rule 60(b)(6) motion was brought within a reasonable time and whether Mr. Spitznas ha[d] shown entitlement to relief under the rule."

(3) "If Mr. Spitznas [wa]s entitled to relief under either rule, in the form of express consideration of his 'wrong standard of proof' claim," whether "he [was] entitled to habeas relief on that underlying claim?"

Id. (footnote omitted).

On remand, the district court referred the case to the magistrate judge for initial assessment of the three questions posed by this court. On June 21, 2007, the magistrate judge issued a third supplemental report recommending that (a) Spitznas was not entitled to relief under Rule 60(b)(4) because he failed to demonstrate that the district court "lacked subject matter or in personam jurisdiction or otherwise acted inconsistently with due process with respect to the previous decision denying his Petition," ROA, Vol. 1, Third Report and Recommendation at 3, (b) Spitznas's Rule 60(b)(6) motion was not filed within a reasonable period of time because Spitznas "pursued other avenues of relief for over a year before he raised the issue of the Court's failure to address his improper competency standard claim," id. at 4, (c) even if Spitznas's Rule 60(b)(6) motion could be characterized as having been raised in a reasonable time, Spitznas had failed to establish his entitlement to relief under Rule 60(b)(6) because "the unconstitutional burden of proof" rejected by the Supreme Court in

7

Cooper "was not applied to" Spitznas, id. at 7, and (d) even assuming Spitznas had shown his entitlement "to Rule 60(b)(6) relief from the prior Order and Judgment," he was not entitled to federal habeas relief because he had not established a bona fide doubt as to his competency at the time he entered his guilty plea, id., and the "'use of the incorrect burden of proof [invalidated in Cooper] was irrelevant,'" id. at 8 (quoting Mitchell v. Gibson, 262 F.3d 1036, 1048 (10th Cir. 2001)).

On July 31, 2008, the district court issued an order adopting in part and rejecting in part the magistrate judge's third supplemental report and recommendation, and denying Spitznas's Rule 60(b) motion. With respect to the Rule 60(b)(4) issue, the district court agreed that the "omission, from the January 26, 2004, order adopting the [Second Supplemental] Report and Recommendation, of a discussion of the legal consequences of the burden of proof issue was fully consistent with the nature and scope of the limited remand," which it stated was focused on the "factual determination of whether a hearing had occurred," and thus "the order was not 'inconsistent with due process of law' so as to make it 'void' for purposes of Rule 60(b)(4)." Id., Order at 5. With respect to the Rule 60(b)(6) issue, the district court rejected the magistrate judge's threshold determination that the Rule 60(b)(6) motion was untimely. In doing so, the district court noted that Spitznas filed a "coram nobis motion" "[r]oughly 11 months" after "the April 14, 2004, affirmance by the Court of Appeals," and filed

8

his Rule 60(b) motion "approximately one month" after the district court denied his coram nobis motion. <u>Id.</u> at 7. In light of those circumstances, and considering Spitznas's pro se status and the procedural complexity of the proceedings, the district court "conclude[d] [Spitznas] filed his motion 'within a reasonable time.'" <u>Id.</u> (quoting Rule 60(b)(c)(1)). As for the merits of the Rule 60(b)(6) motion, the district court concluded that the burden of proof issue Spitznas "sought to raise was outside the scope of the remand," and thus "it was neither contrary to due process nor otherwise objectionable for the court to not address the burden of proof issue." <u>Id.</u> at 8.

Spitznas has since filed a notice of appeal, a motion for leave to proceed in forma pauperis on appeal,[1] and a request for COA.

## II

Issuance of a COA is jurisdictional. <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336 (2003). In other words, a state prisoner may appeal from the denial of federal habeas relief, including, as here, a habeas-related Rule 60(b) motion, only if the district court or this court first issues a COA. 28 U.S.C. § 2253(c)(1)(A); <u>see</u> <u>Montez v. McKinna</u>, 208 F.3d 862, 867 (10th Cir. 2000) (holding "that a state prisoner must obtain a COA to appeal the denial of a habeas petition, whether

---

[1] After filing his motion for leave to proceed in forma pauperis on appeal, Spitznas paid the appellate filing fee. Accordingly, we shall deny his motion as moot.

9

such petition was filed pursuant to § 2254 of § 2241"). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to make that showing, a prisoner must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition [or related Rule 60(b) motion] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). If the district court denied the "habeas petition [or related Rule 60(b) motion] on procedural grounds without reaching the prisoner's underlying constitutional claim," the prisoner must also, in order to obtain a COA, demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

The most expedient way to resolve Spitznas's application for COA, we believe, is to focus directly on the merits of his "wrong burden of proof" claim. In Medina v. California, 505 U.S. 437 (1992), the Supreme Court held "that a State may presume that [a criminal] defendant is competent and require him to shoulder the burden of proving his incompetency by a preponderance of the evidence." Cooper, 517 U.S. at 355. Subsequently, in Cooper, the Court rejected as unconstitutional a State of Oklahoma procedural rule requiring a criminal

10

defendant to prove incompetence by clear and convincing evidence. Id. at 355-56. In doing so, the Court concluded that "Oklahoma's practice of requiring the defendant to prove incompetence by clear and convincing evidence imposes a significant risk of an erroneous determination that the defendant is competent." Id. at 363. The Court expressed particular concern that "Oklahoma's clear and convincing evidence standard affect[ed] a class of cases in which the defendant ha[d] already demonstrated that he [wa]s more likely than not incompetent." Id. at 364. In other words, "[b]ecause Oklahoma's procedural rule allow[ed] the State to try a defendant who [wa]s more likely than not incompetent, it violate[d] due process." Id. at 348 (syllabus).

Although Spitznas argues that the state trial court violated his due process rights by applying Oklahoma's pre-Cooper, clear and convincing evidence standard at the second post-examination competency hearing, we readily agree with the magistrate judge that this argument is entirely lacking in merit. Key to our determination are the uncontroverted facts that, during the second post-examination competency hearing, defense counsel presented no evidence of Spitznas's incompetency and instead stipulated to the contents of the state's evaluation report in which Spitznas was determined to be competent to stand trial. In light of these facts, the due process concerns that drove the Supreme Court's decision in Cooper, i.e., the possibility of the State trying a defendant who was more likely than not incompetent, are simply not implicated. In other words, as

11

we stated in our decision in <u>Mitchell</u>, "use of the incorrect burden of proof [by the state trial court] was irrelevant because [Spitznas] presented no evidence at his [second] competency hearing for evaluation under that standard and conceded he was in fact competent." 262 F.3d at 1048. And, for these reasons, we conclude that jurists of reason would not find it debatable whether the district court was correct in denying Spitznas's Rule 60(b) motion.

The request for a COA is DENIED. Spitznas's motion to proceed in forma pauperis on appeal is DENIED as moot.


ENTERED FOR THE COURT


Mary Beck Briscoe
Circuit Judge